IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VINCENT LANE,

      **Plaintiff,**

  v.                                     Civil Action 2:19-cv-4592
                                          Judge Michael H. Watson
                                          Magistrate Judge Kimberly A. Jolson

**C/O COOPER, et al.,**

      **Defendants.**

## ORDER

Plaintiff currently has two cases pending before this Court. (*See* 2:19-cv-1793 and 2:19-cv-4592). He filed his first case on June 7, 2019, (2:19-cv-1793, Doc. 1), and on August 2, 2019, the Undersigned denied twenty of Plaintiff's motions and recommended denying his Motions for Injunctive relief. (*Id.*, Doc. 38). Since that date, Plaintiff has filed four additional motions, as well two miscellaneous discovery filings (*see id.*, Docs. 40, 41, 42, 43, 48, 49), and on August 13, 2019, the Court directed Plaintiff to stop engaging in excessive motions practice, (*id.*, Doc. 44).

Plaintiff filed his second case on October 16, 2019, (2:19-cv-4592, Doc. 1), and on October 21, 2019, the Court found that Plaintiff's two cases are related, (*id.*, Doc. 3). Having performed the initial screen of Plaintiff's new Complaint required by 28 U.S.C. §§ 1915(e) and 1915(A), the Court concludes that, at this juncture, this action may proceed. The Court will note, however, that it has reason to be skeptical of the allegations in Plaintiff's Complaint.

For example, in Plaintiff's related case, the Undersigned found inter alia, that Plaintiff could not show a strong likelihood of success on the merits on his sexual assault claims because the State submitted shift rosters showing that Defendant was not at work on the day that Plaintiff

alleged he assaulted him. (2:19-cv-1793, Doc. 38). Now, Plaintiff raises separate but related allegations of sexual assault, retaliation, and abuse against prison officials. (Doc. 1-1). But, given the serious nature of Plaintiff's recent allegations, the Court concludes that, at this early stage, this action may proceed. For the sake of judicial economy, however, it is **RECOMMENDED** that Plaintiff's two cases (2:19-cv-1793 and 2:19-cv-4592) be **CONSOLIDATED**.

Further, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is **GRANTED**. (Doc. 1). Accordingly, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Plaintiff is assessed the full amount of the Court's $350.00 filing fee. *See* 28 U.S.C. § 1915(b)(1). Plaintiff's affidavit, however, reveals that he currently possesses an insufficient amount to pay the full filing fee. The custodian of Plaintiff's inmate trust account at the institution of his residence is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio, as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account for the six (6) months immediately preceding the filing of the complaint. If Plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed shall be collected from Plaintiff's account when such funds become available. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bring a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10.00, until the full fee of $350.00 has been paid. 28 U.S.C. § 1915(b)(2). If Plaintiff is

transferred to another prison, the custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment.

Checks are to be made payable to: Clerk, U.S. District Court

Checks are to be sent to:

> Prisoner Accounts Receivable
> Joseph P. Kinneary United States Courthouse
> Room 121
> 85 Marconi Blvd.
> Columbus, OH 43215

The prisoner's name and case number must be noted on each remittance.

Plaintiff is **ORDERED** to submit a summons and U.S. Marshal 285 for each named Defendant within fourteen (14) days of this Order. The Clerk is **DIRECTED** to provide the appropriate forms to Plaintiff. Upon receipt of these forms, the United States Marshals Service is **DIRECTED** to effect service of process by certified mail.

The Clerk of Court is **DIRECTED** to mail a courtesy copy of the complaint and a copy of this Order to the Attorney General of Ohio, Criminal Justice Section, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215. Each Defendant is **ORDERED** to answer or otherwise respond to the complaint within 45 days after being served with a copy of the complaint and summons.

The Clerk of Court is also **DIRECTED** to mail a copy of this Order and the attached instructions, which are hereby incorporated herein, to the Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

IT IS SO ORDERED.

Date: October 21, 2019            /s/ Kimberly A. Jolson
                                  KIMBERLY A. JOLSON
                                  UNITED STATES MAGISTRATE JUDGE