IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VINCENT LANE,

      Plaintiff,

  v.                                     Civil Action 2:19-cv-4592
                                          Judge Michael H. Watson
                                          Magistrate Judge Kimberly A. Jolson

C/O COOPER, et al.,

      Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motions to Dismiss. (Docs. 10, 12). For the following reasons, it is **RECOMMENDED** that Defendants' Motions be **GRANTED,** and that Plaintiff's case be **DISMISSED**.

### I.    INTRODUCTION

This is the second case that Plaintiff, a *pro se* prisoner, has brought in this Court. (*See Lane v. Beavers*, No. 2:19-cv-1793). Plaintiff filed his first case in May 2019, alleging that Officer Beavers of Ross Correctional Institution ("RCI") sexually harassed him. (*Id.*, Doc. 5). Shortly thereafter, Plaintiff filed a Motion for Order of Protection, which the Undersigned construed as a Motion for a Preliminary Injunction. (*Id.*, Docs. 6, 38). The Undersigned expedited briefing on Plaintiff's Motion and required the State to submit supplemental briefing responding to Plaintiff's factual allegations. (*Id.*, Docs. 7, 28). On August 2, 2019, the Undersigned recommended denying Plaintiff's Motion. Specifically, the Undersigned found that, given the parties' conflicting factual allegations—including, for example, that the State's shift rosters showed that Beavers was not at

work on the date of the alleged incident—Plaintiff could not show a strong likelihood of success on the merits. (*Id*., Doc. 38).

While the Undersigned's Recommendation was pending, Plaintiff informed the Court that he had been transferred to Mansfield Correctional Institution ("MCI"). (2:19-cv-1793, Doc. 55). Consequently, Judge Watson noted that Plaintiff's claims for relief, which were all injunctive, became moot following his transfer, and consequently, the Court no longer had subject matter jurisdiction over Plaintiff's case. (*Id*., Doc. 56 at 3). Judge Watson gave Plaintiff an opportunity to move to amend his Complaint to avoid dismissal for lack of subject-matter jurisdiction. (*Id*.). But Plaintiff did not do so, and the Court dismissed Plaintiff's case. (*Id*., Doc. 58).

Turning to the instant action, Plaintiff filed his Complaint on October 16, 2019, roughly two weeks before he notified the Court of his transfer. (*See* 2:19-cv-4592, Doc. 1-1). In his Complaint, Plaintiff alleges that RCI prison officials assaulted him, took "lewd" pictures of him, and engaged in a "conspiracy" to plant drugs on him. (*Id*. at 6–7). Plaintiff requests the following relief:

> I would like for the Court to remove these staff members from their duties, I would like for the seven defendants to pay the sum of (2) million dollars to the Ross Correctional Institution for body camera's [sic] for all officer here. For the defendants to pay court cost and fileing [sic] fee's [sic] and, a protection order against each defendant, and placed in a single man cell with a camera pointing at said cell.

(*Id*. at 8).

Before Defendants were served, the State filed a Motion to Dismiss on December 24, 2019. (Doc. 10). Plaintiff did not respond. After service, Defendants filed the same Motion on January 28, 2020. (Doc. 12). The Undersigned gave Plaintiff additional time to respond, and Defendants' Motion is now ripe for resolution. (*See* Docs. 13, 14, 15, 16).

Defendants' Motion raises the threshold issue of standing. (Doc. 12 at 5). The Undersigned will consider that matter before turning to the merits of Plaintiff's Complaint.

## II. STANDARD

Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. The doctrine of mootness is corollary of Article III's case-or-controversy requirement. It "provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." *Zeune v. Mohr*, No. 2:14-CV-153, 2015 WL 3544662, at *2 (S.D. Ohio June 4, 2015) (quotation marks and citation omitted). "When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot." *Zeune*, 2015 WL 3544662, at *2 (collecting cases). "This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which 'render[s] the court unable to grant the requested relief.'" *Id.* (quoting *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993)).

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette v. Hemingway*, 65 F. App'x 929, 931 (6th Cir. 2003). "This narrow, capable-of-repetition exception is limited to situations in which the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration and there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Golson v. Mohr*, No. 2:13-CV-373, 2013 WL 5775356, at *2 (S.D. Ohio Oct. 25, 2013) (quotation marks and citation omitted).

### III. ANALYSIS

The Undersigned concludes that Plaintiff's claims are moot and that the limited "capable of repetition" exception does not apply. As with his first action, Plaintiff filed his Complaint in this case while still incarcerated at RCI. (Doc. 1-1.). Also, like his first action, his allegations concern the alleged wrongdoings of RCI officials. (*Id*.). And he seeks relief relating to only the conditions of RCI and the conduct of officials employed there. (*Id*. at 8). Namely, he seeks Court-ordered protection from those officials. (*Id*.).

But Plaintiff is no longer incarcerated at RCI and thus is no longer in contact with those officials. As such, his requests, for example, that the Court "remove [those] staff members from their duties," order Defendants to pay for body cameras at RCI, and order Defendants to place him in "a single man cell with a camera pointing at said cell," (*id*. at 8), are now moot. And Plaintiff does not personally seek monetary damages in this case. Although he does list a monetary amount (*see id*. (asking "for the seven defendants to pay the sum of (2) million dollars to the Ross Correctional Institution for body camera's [sic] for all officer [sic] here")), that request is injunctive in nature. *See McGoldrick v. Bradstreet*, 397 F. Supp. 3d 1093, 1100 (S.D. Ohio 2019) ("By definition, injunctive relief comes by way of court order and directs one or both parties as to what they may or may not do.") (citing Black's Law Dictionary, *Injunction* and *Injunctive* (10th Ed. 2014)).

And because Plaintiff's claims are now moot, "this Court no longer has subject matter jurisdiction over his claims." *Creager v. Duchak*, No. 1:17-CV-350, 2018 WL 2111208, at *2 (S.D. Ohio May 8, 2018), *report and recommendation adopted*, No. 1:17CV350, 2018 WL 2725432 (S.D. Ohio June 6, 2018); *see also Parks v. Reans*, No. 6:10-CV-000278-KSF, 2012 WL 1853759, at *3 (E.D. Ky. May 21, 2012) (holding that plaintiff's demand that prison officials "take

measures to ensure that the prison video cameras are at all times functional . . . bec[ame] moot" once plaintiff was transferred), *aff'd*, 510 F. App'x 414 (6th Cir. 2013).

Plaintiff, in response, does not grapple with Defendants' mootness argument. Rather, he simply reiterates the factual allegations from his Complaint. (*See* Doc. 16). But because "there is no live case or controversy for this Court to resolve, . . . even if this Court were to resolve the [case] in plaintiff's favor, he would no longer be entitled to the only relief he sought[.]" *Valencia v. Rushing*, No. 4:10CV2087, 2011 WL 1769100, at *1 (N.D. Ohio May 9, 2011). Plaintiff's case must be dismissed as a result.

Finally, the Undersigned notes that while *pro se* complaints are to be construed liberally, Plaintiff has had numerous chances to try to avoid dismissal. Indeed, as noted, when faced with identical circumstances, the Court expressly noted that, following his transfer, Plaintiff may no longer pursue his claims for injunctive relief following his transfer from RCI. So, the Court gave him the opportunity to amend his Complaint, warning that his failure to do so would result in dismissal for lack of subject matter jurisdiction. (*See* 2:19-cv-1793, Doc. 57 at 3). But Plaintiff did not heed this warning, and his claims were dismissed. (*Id.*). Nor did Plaintiff seek to amend his Complaint in this case. The Undersigned cannot "conjure up a damages claim where none exists." *Peel v. Woods*, No. 5:15-CV-8-KKC, 2015 WL 1223695, at *4 (E.D. Ky. Mar. 17, 2015) (quotation marks and citation omitted). And Plaintiff's claims cannot survive.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motions to Dismiss (Docs. 10, 12) be **GRANTED**, and that Plaintiff's case be **DISMISSED**.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: March 16, 2020                                       /s/ Kimberly A. Jolson
                                                           KIMBERLY A. JOLSON
                                                           UNITED STATES MAGISTRATE JUDGE