UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Vincent Lane,**

    **Plaintiff,**

    v.                                  **Case No.: 2:19-cv-4592**
                                            **Judge Michael H. Watson**
                                            **Magistrate Judge Jolson**

**c/o Cooper, *et al.*,**

    **Defendants.**

## ORDER

On March 16, 2020, the United States Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendants' Motions to Dismiss be granted and Plaintiff's case be dismissed. R&R, ECF No. 17. The parties were advised of their right to object to the R&R, and Plaintiff has now filed such an objection.[1] Obj., ECF No. 22. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For the following reasons, the Court **ADOPTS** and **AFFIRMS** the R&R.

As a preliminary matter, there was a prior Report and Recommendation issued by the Magistrate Judge on October 21, 2019, recommending that the

---

[1] The Court notes that Plaintiff's Objections were untimely as they were due by May 8, 2020, but not received until May 18, 2020. Nonetheless, the Court will consider the objections.

Court grant Plaintiff's Motion for Leave to Proceed *in forma pauperis* and further recommending that Plaintiff's two cases (2:19-cv-1793 and 2:19-cv-4592) be consolidated. ECF No. 4. There were no objections filed to that Report and Recommendation; therefore, it is adopted and affirmed.

The Magistrate Judge's March 16, 2020 R&R concludes that Plaintiff's claims are moot because he is no longer incarcerated at RCI and he seeks relief relating only to the conditions of RCI and the conduct of officials employed there. The Magistrate Judge further found that the limited "capable of repetition" exception to the mootness doctrine does not apply.

Plaintiff objects to the R&R by continuing to argue issues from his prior case, specifically regarding checking the shift roster at RCI and asserting allegations from his Complaint. However, "verbatim regurgitation of the arguments made in earlier filings are not true objections." *Bushner v. Larose*, No. 5:14CV00385, 2017 U.S. Dist. LEXIS 49451, at *2 (N.D. Ohio Mar. 31, 2017). Plaintiff also made the same arguments in response to Defendants' Motions to Dismiss and failed to address the mootness argument. However, since the case is moot, there is no need to address Plaintiff's factual arguments. As the Magistrate Judge correctly recited, "there is no live case or controversy for this Court to resolve . . . even if this Court were to resolve the [case] in plaintiff's favor, he would no longer be entitled to the only relief he sought[.]" *Valencia v.*

*Rushing*, No. 4:10CV2087, 2011 WL 1769100, at *1 (N.D. Ohio May 9, 2011). The Court agrees with the Magistrate Judge's conclusions that Plaintiff's case is moot because he is no longer incarcerated at RCI and that the Court no longer has subject matter jurisdiction over his claims.

Plaintiff also argues that he remains in danger while incarcerated at Manci because the officers at all of these prisons communicate.  However, Plaintiff has not sought any remedies with respect to the new prison, Manci.  The Magistrate Judge noted that Plaintiff had numerous chances to avoid dismissal.  He was warned that he would not be able to pursue his claims for injunctive relief following his transfer from RCI and was given the opportunity to amend his Complaint.  ECF No. 57 in Case No. 2:19-cv-1793.  However, Plaintiff failed to do so, and his claims were dismissed in that case.  Similarly, Plaintiff could have amended his Complaint in this case, but failed to do so.

Therefore, for the reasons set forth above and in the R&R, Plaintiff's Objections are without merit and hereby **OVERRULED**.  The Magistrate Judge's October 21, 2019 and March 16, 2020 Reports and Recommendations are hereby **ADOPTED** and **AFFIRMED**.  Defendants' Motions to Dismiss, ECF Nos. 10 and 12, are hereby **GRANTED**.  All other pending motions are denied as moot.

The Clerk shall remove ECF Nos. 4, 10, 12, 17, and 20 from the Court's

pending motions list.  Final judgment shall be entered in favor of the Defendants and this matter shall be closed.

**IT IS SO ORDERED.**

                 */s/ Michael H. Watson*
                 **MICHAEL H. WATSON, JUDGE**
                 **UNITED STATES DISTRICT COURT**